```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/10/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBBIE ZAPATA,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

22-CV-222 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      Plaintiff Debbie Zapata filed this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income. The case is before me for all purposes pursuant to 28 U.S.C. § 636(c).

      The Court carefully reviewed the record, the briefs, and applicable law, heard oral argument from the parties on May 10, 2023, announced its decision on the record at the conclusion of the argument (the Oral Decision), and directed the parties to order a copy of the transcript and split the costs.

      For the reasons detailed in the Oral Decision, the Court has determined that the Administrative Law Judge (ALJ) committed legal error requiring remand. Therefore, plaintiff's motion for judgment on the pleadings (Dkt. 16) is GRANTED, the Commissioner's cross-motion for judgment on the pleadings (Dkt. 18) is DENIED, and the case is REMANDED, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with the Oral Decision.

      On remand, the ALJ should: (1) explain the reasons for her finding that plaintiff's impairments did not meet or medically equal Listing 1.04A, "with sufficient specificity to allow a reviewing court to evaluate that determination," *Ryan v. Astrue*, 5 F. Supp. 3d 493, 509 (S.D.N.Y. 2014); and (2) adequately analyze the supportability of the medical opinion evidence and prior administrative medical findings in the record, *see* 20 C.F.R. § 416.920c(b)(2), with "sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Ayala v. Kijakazi*, 2022 WL 3211463, at *16 (S.D.N.Y. Aug. 9, 2022) (quoting *Prieto v. Comm'r of Soc. Sec.*, 2021 WL 3475625, at *13 (S.D.N.Y. Aug. 6, 2021). In particular, the ALJ should identify both the "subjective reporting" on which Dr. Kaci placed "too much reliance" and the "subjective complaints" on which Drs. Saeed and Randall placed insufficient reliance. The ALJ should then reassess plaintiff's residual functional capacity based upon all the medical and other evidence in the record.

The Clerk of the Court is respectfully directed to close the case.

Dated: New York, New York       SO ORDERED.
May 10, 2023

_____
**BARBARA MOSES**
**United States Magistrate Judge**

2